# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50842

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 3, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JACOB MICHAEL RIPPEY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Andrea L. Courtney, District Judge.

Judgment of conviction and aggregate sentence of fifteen years with a minimum period of confinement of five years for felony driving under the influence, felony eluding, and resisting or obstructing officers, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Jacob Michael Rippey was found guilty of felony driving under the influence, Idaho Code § 18-8005(9); felony eluding a police officer, I.C. § 49-1404(2); resisting or obstructing officers (misdemeanor), I.C. § 18-705; and Rippey admitted to the persistent violator sentencing enhancement. The district court imposed an aggregate term of fifteen years with five years determinate. Rippey filed an Idaho Criminal Rule 35 motion, which the district court denied. Rippey appeals asserting the district court abused its discretion by imposing an excessive sentence and by denying his I.C.R. 35 motion.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Rippey's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Rippey's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Rippey's judgment of conviction and sentence, and the district court's order denying Rippey's Rule 35 motion, are affirmed.